UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARCELLA LANG,

        Plaintiff,

v.

EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES,

        Defendant.

CIVIL ACTION
NO. 02-CV-6001

### DEFENDANT EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Educational Commission for Foreign Medical Graduates ("ECFMG") serves its Answer and Affirmative Defenses to Plaintiff Marcella Lang's ("Plaintiff") Complaint in accordance with the numbered paragraphs as follows:

1. The allegations of paragraph one constitute conclusions of law, to which no responsive pleading is required.

2. ECFMG admits that Plaintiff is a female, and further admits that its employment records reflect her address as alleged in paragraph two.

3. Admitted.

4. The allegations of paragraph four constitute conclusions of law, to which no responsive pleading is required.

5. ECFMG admits that Plaintiff first began working for ECFMG as of April 3, 2000, in a temporary capacity as an Administrative Support Representative. ECFMG further admits that Plaintiff worked in the Sponsorship Department. ECFMG lacks knowledge as to whether Plaintiff was pregnant when she was first hired by ECFMG.

1-PH/1665942.1

6.  The allegations of paragraph six constitute conclusions of law, to which no responsive pleading is required.

7.  ECFMG lacks knowledge as to the definition of "most competent manner," and therefore, denies the same.

8.  ECFMG admits that Plaintiff was supervised by Ms. Fitzpatrick, a manager in the Sponsorship Department. ECFMG denies that Plaintiff was supervised by Ms. Taylor. The remaining allegations constitute conclusions of law, to which no responsive pleading is required.

9.  ECFMG admits that in September 2001, Plaintiff separately informed Ms. Fitzpatrick and Ms. Taylor that she was pregnant with twins, and further admits that a maternity leave was discussed. The remaining allegations constitute conclusions of law, to which no responsive pleading is required.

10. ECFMG admits that Plaintiff did not attend certain meetings because her presence was not required at them due to the position she held. ECFMG lacks knowledge as to what meeting to which Plaintiff refers in this paragraph, and therefore, denies the same. ECFMG denies the remaining allegations of paragraph 10.

11. ECFMG admits that part of Plaintiff's leave of absence constituted leave under the Family and Medical Leave Act ("FMLA"). ECFMG denies the remaining allegations of paragraph 11.

12. ECFMG admits that it granted Plaintiff a granted a leave of absence under the FMLA from February 8, 2002 through May 3, 2002. ECFMG also admits that Ms. Taylor told Plaintiff that she would need to take a personal leave of absence if she wished to extend her leave from the office. ECFMG further admits that it provided Plaintiff with a copy of the

ECFMG Employee Handbook, the contents of which speak for itself. ECFMG denies the remaining allegations of paragraph 12.

13. ECFMG admits that Plaintiff erroneously requested an extension of her FMLA leave, when in fact, she should have submitted a request for personal leave. ECFMG further admits that on May 25, 2002, Plaintiff sent Ms. Taylor an e-mail stating that she was applying for "personal leave" and had already sent ECFMG a completed form to make such a request. ECFMG further admits that it did not receive any documentation relating to her request for a personal leave until July 2002. ECFMG denies the remaining allegations of paragraph 13.

ECFMG lacks knowledge as to when Plaintiff first learned that her previous position with ECFMG was filled with another person. ECFMG denies the remaining allegations of paragraph 14.

15. Denied.

16. ECFMG admits that part of Plaintiff's leave of absence constituted leave under the Family and Medical Leave Act ("FMLA"). The remaining allegations of paragraph 16 constitute conclusions of law, to which no responsive pleading is required.

17. Denied.

18. ECFMG lacks knowledge as whether Plaintiff "would have returned to work." ECFMG denies the remaining allegations of paragraph 18.

19. The allegations of paragraph 19 constitute conclusions of law, to which no responsive pleading is required.

20. ECFMG denies that Plaintiff lost pay and benefits due to any alleged improper or unlawful conduct towards Plaintiff.

Denied.

3

1-PH/1665942.1

22. ECFMG lacks knowledge as to whether Plaintiff filed an administrative charge with the Equal Employment Opportunity Commission alleging discrimination and retaliation arising over her leave of absence. ECFMG also lacks knowledge of any other matters pending with any court or administrative agency that Plaintiff may have asserted involving the events alleged in the Complaint.

23. Denied.

### AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred to the extent she has failed to satisfy the statutory and/or jurisdictional prerequisites for the institution of an action under the statutes cited in the Complaint.

2. Insofar as any of the allegations or claims in the Complaint are beyond the scope of any timely charge of discrimination filed by the Plaintiff, all such allegations or claims are barred, and this Court has no subject matter jurisdiction over any such allegations or claims.

3. Plaintiff's claims for monetary relief are barred or diminished to the extent she has failed to mitigate her alleged monetary losses.

4. All actions taken with respect to Plaintiff were taken in good faith and for legitimate, nondiscriminatory and non-retaliatory reasons.

**WHEREFORE**, Educational Commission for Foreign Medical Graduates respectfully requests that this Court enter judgment in its favor on all claims asserted by Plaintiff and award it the attorneys' fees and expenses incurred in defending this action, as well as such further relief as is just and proper.

*/s/ Sarah E. Bouchard*
MICHAEL J. OSSIP (I.D. No. 30912)
SARAH E. BOUCHARD (I.D. No. 77088)
1701 Market Street
Philadelphia, PA 19103
(215) 963-5028/5077

OF COUNSEL:
MORGAN, LEWIS & BOCKIUS LLP

Attorneys for Defendant
Educational Commission for Foreign
Medical Graduates

**DATED:** September 3, 2002

4

## CERTIFICATE OF SERVICE

I, Sarah E. Bouchard, hereby certify that a true and correct copy of Defendant Educational Commission for Foreign Medical Graduates' Answer and Affirmative Defenses to Plaintiff's Complaint was served by first class, United States mail this 3rd day of September 2002 upon the following:

>Samuel A. Dion, Esquire
>Dion & Goldberger
>1515 Locust Street, 10th Floor
>Philadelphia, PA  19102
>
>Attorney for Plaintiff

*Sarah E. Bouchard*
SARAH E. BOUCHARD